

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00196-CR

Ricky Maurice **RICHARDSON**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 5898
Honorable Kirsten Cohoon, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: December 22, 2021

APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED

On August 9, 2021, court reporter Ms. Tonya Thompson filed a Notification of Late Record stating, in part, that "Defense Counsel said [appellant] no longer wanted to appeal and [the] record was no longer needed, hence, no payment [sic] for transcript preparation [sic]." Appellant is represented on appeal by Ms. Stefanie Collins. On August 10, 2021, this court ordered Ms. Collins to file in this court, no later than August 20, 2021, either (1) a motion to dismiss this appeal that fully complies with Texas Rule of Appellate Procedure 42.2(a) or (2) if appellant wishes to continue his appeal, written proof to this court that either (a) Ms. Thompson's fee has been paid

or arrangements have been made to pay the fee, or (b) appellant is entitled to appeal without paying the fee. Ms. Collins did not respond to our August 10, 2021 order or file appellant's brief.

On September 27, 2021, this court ordered Ms. Collins to respond to this court, in writing no later than October 7, 2021, stating a reasonable explanation for failing to timely respond to our August 10, 2021 order and for failing to file the brief, and demonstrate the steps being taken to remedy the deficiency. Our order informed Ms. Collins that if she failed to file an adequate response by October 7, 2021, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions are appropriate. TEX. R. APP. P. 38.8(b)(2).

On October 8, 2021, Ms. Collins filed a motion requesting an extension of time until November 8, 2021 to file appellant's brief. Ms. Collins contended appellant informed her that he no longer wished to prosecute his appeal in this case, and he would not pay for the reporter's record necessary for the appeal. Ms. Collins stated she mailed a motion for voluntary dismissal to appellant at his current TDCJ Unit, Ellis Unit, for his signature as required by the Rules of Appellate Procedure; however, the motion with his signature was not returned to her. Ms. Collins stated she was attempting to schedule an inmate telephone call with appellant to determine if he received the motion and if he intended to sign it. On October 11, 2021, this court granted the motion and ordered Ms. Collins to file no later than November 8, 2021 (1) a motion to dismiss this appeal that fully complies with Texas Rule of Appellate Procedure 42.2(a) or (2) appellant's brief. On November 9, 2021, Ms. Collins filed a motion to withdraw in which she recounted her unsuccessful efforts to contact appellant; therefore, she filed neither a Rule 42.2(a) motion to dismiss nor a brief.

On November 9, 2021, we abated this case to the trial court and ordered the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel if appellant desires to prosecute his appeal.

(3) If appellant is not indigent, does he intend to make or has he already made the necessary arrangements for filing a brief?

*See* TEX. R. APP. P. 38.8(b); 42.4.  We held in abeyance all appellate filing dates and Ms. Collins's motion to withdraw pending further order of this court.

On December 3, 2021, the trial court held an evidentiary hearing at which appellant, Ms. Colins, and the State were present.  The trial court asked appellant if he wanted to pursue his appeal and appellant replied that he did not.  In its conclusions of law, the trial court (1) found "Appellant's testimony credible" and (2) that he "under oath testified that he did not wish to prosecute an appeal in this case."  The court also concluded his appeal should be dismissed.

This appeal is reinstated on the court's docket.  We dismiss this appeal and grant Ms. Collins's motion to withdraw.

PER CURIAM

Do not publish